**Bernard SIEGEL and Liela Siegel, husband and wife, d/b/a American Fireworks Company, Ltd., Plaintiffs,**

v.

**Gerald M. SONQUIST and Kenosha County, Defendants.**

**Civ. A. No. 82–C–808.**

United States District Court,
E.D. Wisconsin.

Jan. 25, 1983.

James M. Fergal, Milwaukee, Wis., for plaintiffs.

Geoffrey Dowse, Kenosha, Wis., for defendant Sonquist.

Jerold W. Breitenbach, Kenosha, Wis., for defendant Kenosha County.

REYNOLDS, Chief Judge.

Plaintiffs in this action sue under 42 U.S.C. § 1983 for declaratory, injunctive, and compensatory relief. The complaint alleges that the plaintiffs operate a business known as American Fireworks Co., Ltd. On Monday, June 28, 1982, deputy sheriffs of Kenosha County arrested the plaintiffs for selling illegal fireworks in violation of Wis.Stat. § 167.10. Concurrent with the arrest, the deputy sheriffs seized

---

1218

money from the cash register and the entire remaining inventory of fireworks. Plaintiffs claim that their arrests and the seizure was illegal, that Wis.Stat. § 167.10 is unconstitutional, and that the seizure was made without due process. Presently before the Court is the defendants' motion to dismiss for failure to state a claim upon which relief may be granted.

The defendants argue that the state's post-deprivation procedures satisfy the requirements of the due process clause for seizures made incident to an arrest, and that therefore, in accordance with the holding of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), plaintiffs' complaint fails to state a claim under § 1983. Plaintiffs argue that exhaustion of state remedies has not been required under 42 U.S.C. § 1983, and that *Parratt* only applies to deprivations of property caused by negligence. The plaintiffs' first argument is misdirected and the Court disagrees with the plaintiffs' reading of *Parratt.*

The inquiry of the Supreme Court in *Parratt* focused on "whether the respondent [had] suffered a deprivation of property without due process of law. In particular, ... whether the tort remedies which the State of Nebraska provides as a means of redress for property deprivations satisfy the requirements of procedural due process." 451 U.S. at 537, 101 S.Ct. at 1914. The respondent in *Parratt* was a prisoner who had not received certain packages that had been mailed to him, and the apparent cause of the deprivation was the negligence of prison officials. The Court held that "[t]he justifications which [they] have found sufficient to uphold takings of property without any predeprivation process are applicable to a situation such as the present one involving a tortious loss of a prisoner's property as a result of a random and unauthorized act by a state employee." 451 U.S. at 541, 101 S.Ct. at 1915. Thus, the holding of the Court was that such a claim for negligent deprivation did not state a claim for relief under § 1983, but the reason was that post-deprivation remedies were all that the due process clause required, not that negligent actions could not be brought under § 1983 under different facts.

That the reasoning of *Parratt* is not limited to deprivations caused by negligence is evidenced by the cases cited by the Court, two of which are particularly analogous to the facts of this case. In *North American Cold Storage Co. v. Chicago,* 211 U.S. 306, 29 S.Ct. 101, 53 L.Ed. 195 (1908), the Court upheld the right of the state to seize and destroy unwholesome food without a preseizure hearing. In *Ewing v. Mytinger & Casselberry, Inc.,* 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950), the Court upheld the summary seizure and destruction of misbranded drugs without a preseizure hearing. In both of these cases, the Court considered that need to protect the public health or safety outweighed the possibility of erroneous deprivation, and that providing the owner an action at law to recover damages was therefore all the process required by the due process clause. Both of these cases involved intentional deprivations by state officials.

Similarly, seizure of the fireworks in this case is justified to protect the public safety, which outweighs the possibility of erroneous deprivation. Additionally, seizure of the fireworks in order to preserve evidence of a crime is justified without a predeprivation hearing. In this case, unlike *North American Cold Storage Co.* and *Ewing,* the property seized has not been destroyed and may be recovered by the plaintiffs. Under Wis.Stat. § 968.20, the plaintiffs may apply to the circuit court of the county in which the property is seized for the return of the property. Additionally, a variety of tort remedies would be available to the plaintiffs, since they allege that the officers acted intentionally. If the plaintiffs had wanted to challenge the constitutionality of Wis.Stat. § 167.10 by some means other than by becoming defendants in a criminal proceeding, they could have done so by seeking a declaratory judgment under Wis. Stat. § 806.04. The due process clause of the Fourteenth Amendment of the United States Constitution does not require a state to provide predeprivation process, nor greater post-deprivation process than that

provided by Wisconsin, in the circumstances present in this case.

For the foregoing reasons, the plaintiffs' complaint fails to state a claim upon which relief may be granted under § 1983.

THEREFORE, IT IS ORDERED that the defendants' motion to dismiss is granted and that judgment be entered dismissing plaintiffs' complaint.